IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 21, 2016

## MICHAEL LAMAR GAINES v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Marion County**
**No. 6634      Justin C. Angel, Judge**

_____

**No. M2015-01410-CCA-R3-PC – Filed August 10, 2016**

_____

Petitioner, Michael Lamar Gaines, filed a motion to reopen post-conviction proceedings. Because he failed to comply with the statutory requirements for seeking discretionary review of the dismissal of his motion, this Court has no jurisdiction over the case. Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Michael Lamar Gaines, Pikeville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; and J. Michael Taylor, District Attorney General, for the appellee, State of Tennessee.

## OPINION

Over fourteen years ago, Petitioner shot and killed his cousin, Derrick Glenn, during a brawl in a club in Marion County. In September of 2004, a jury convicted Petitioner of one count of second degree murder, one count of attempted second degree murder, four counts of reckless endangerment, and one count of possession of a weapon where alcoholic beverages are served. Petitioner received a total effective sentence of 35 years' incarceration.

According to the testimony presented at trial, Petitioner attended a club to celebrate his cousin's engagement. During the evening, Petitioner engaged the bouncer

of the club in a fight, and Petitioner's cousin intervened. Petitioner pulled out a gun and began shooting toward the bouncer. Petitioner's cousin was fatally struck by one of the shots.

Petitioner appealed his convictions to this Court. *State v. Michael Gaines*, No. M2005-01620-CCA-R3-CD, 2007 WL 1203592 (Tenn. Crim. App. Apr. 24, 2007). On appeal, Petitioner challenged the sufficiency of the evidence supporting his conviction for second degree murder, the trial court's ruling regarding the admission of a prior conviction for aggravated assault as impeachment evidence, and the trial court's instructions to the jury regarding the definition of "knowing." *Id*. at *1. This Court affirmed Petitioner's convictions. Petitioner did not file an application for permission to appeal to the Tennessee Supreme Court.

On October 17, 2014, Petitioner filed a pro se motion to reopen a post-conviction petition. Petitioner alleged that the federal case of *Sutton v. Carpenter*, 745 F.3d 787 (6th Cir. 2014), created a new rule of constitutional law that justified reopening his post-conviction proceedings. The State responded that Petitioner never filed an initial post-conviction petition and that the statute of limitations to do so had long since expired. The post-conviction court filed an order summarily dismissing the motion on June 22, 2015. On July 28, 2015, Petitioner filed in the post-conviction court a notice of appeal under Tennessee Rule of Appellate Procedure 3.

As an initial matter, Petitioner has failed to follow the procedural requirements for appealing the dismissal of a motion to reopen a post-conviction petition. T.C.A. §40-30-117(c). A petitioner has no appeal as of right from a lower court's denial of a motion to reopen a post-conviction petition under Tennessee Rule of Appellate Procedure 3(b). *See Timothy Roberson v. State*, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681, at *9 (Tenn. Crim. App. Nov. 7, 2007), *perm. app. denied* (Tenn. Apr. 14, 2008). Instead, a petitioner has thirty days to file an application for permission to appeal in this Court, attaching copies of all documents filed by the parties and the lower court's order. T.C.A. § 40-30-117(c); Tenn. Sup. Ct. R. 28, § 10(B). There is no provision, such as that in Tennessee Rule of Appellate Procedure 4(a), that would waive the timeliness of an application for permission to appeal in the interest of justice.

No application for permission to appeal was ever filed in this Court. Rather, Petitioner filed a notice of appeal in the post-conviction court on July 28, 2015, an identical notice in this Court on July 30, 2015, and a "Statement of Facts in Support of Appeal of Post-Conviction" in this Court on September 10, 2015. Petitioner explained that his original notice was filed more than thirty days after the post-conviction court's order because he had mistakenly filed a notice of appeal with the Tennessee Court of Appeals; however, there is no record of such filing. Moreover, while a notice of appeal may be construed as an application for permission to appeal, it must "contain sufficient

substance that it may be effectively treated as an application for permission to appeal." *Graham v. State*, 90 S.W.3d 687, 691 (Tenn. 2002). The original notice of appeal does not contain sufficient substance, such as the issues Petitioner seeks to raise or the reasons for granting review, so as to be effectively treated as an application for permission to appeal. *See Tosha Taylor v. State*, No. W2011-00372-CCA-R3-PC, 2012 WL 4859120, at *2 (Tenn. Crim. App. Oct. 15, 2012), *perm. app. denied* (Tenn. Mar. 5, 2013). Finally, even if we were to treat Petitioner's "Statement of Facts in Support of Appeal of Post-Conviction," which was filed in this Court and does include a copy of the necessary documents, as an application for permission to appeal, it was filed well outside of the thirty-day deadline. *See* T.C.A. § 40-30-117(c). Because Petitioner failed to substantially comply with the procedural requirements outlined in the statute, we lack jurisdiction to entertain the appeal.

Moreover, even if Petitioner had complied with the procedural requirements, the trial court did not abuse its discretion in denying Petitioner's motion to reopen a post-conviction petition because there was no original post-conviction petition to reopen. A motion to reopen post-conviction presumes that a post-conviction petition was previously filed and adjudicated on the merits. *See* T.C.A. § 40-30-117(a) ("A petitioner may file a motion in the trial court to reopen the *first* post-conviction petition. . . .") (emphasis added). Because no post-conviction petition was ever filed in this case, there is nothing to reopen. We would affirm the judgment of the post-conviction court on this ground alone.

Furthermore, even if we were to treat Petitioner's motion to reopen as a post-conviction petition, he would not be entitled to relief.[1] A petition for post-conviction relief must be filed within one year of "the date of the final action of the highest state appellate court to which an appeal is taken." T.C.A. §40-30-102(a). There are only three narrow statutory exceptions to the statute of limitations: (1) a final ruling by an appellate court announcing a new constitutional rule with retrospective application; (2) new scientific evidence establishing actual innocence; or (3) the invalidation of convictions underlying an enhanced sentence. T.C.A. § 40-30-102(b). Additionally, the right to due process may necessitate tolling the statute of limitations in certain circumstances outside of the enumerated statutory exceptions. *See Whitehead v. State*, 402 S.W.3d 615 (Tenn. 2013) (attorney misconduct or abandonment); *Seals v. State*, 23 S.W.3d 272 (Tenn. 2000) (mental incompetence); *Sands v. State*, 903 S.W.2d 297 (Tenn. 1995) (later-arising claim for relief).

---

[1] A petitioner has an appeal as of right of a lower court's denial of a petition for post-conviction relief under Tennessee Rule of Appellate Procedure 3, the timeliness of which may be waived in the interest of justice under Tennessee Rule of Appellate Procedure 4(a).

Petitioner filed his motion more than six years after the expiration of the one-year statute of limitations for filing a petition for post-conviction relief. Petitioner's reliance on *Sutton* does not justify tolling the statute of limitations.[2] In *Sutton*, the Sixth Circuit Court of Appeals held that the rule established by the United States Supreme Court in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), with regard to procedural default in federal habeas corpus proceedings applied to Tennessee convictions. *Sutton*, 745 F.3d at 795-96. In *Martinez* and *Trevino*, the United States Supreme Court held that a petitioner is not procedurally barred from raising a claim of ineffective assistance of trial counsel for the first time in a federal habeas corpus petition when post-conviction counsel was ineffective for failing to raise the claim in state post-conviction proceedings and the state procedural law either prohibited or made it highly unlikely for the petitioner to have raised the issue on direct appeal. *Martinez*, 132 S. Ct. at 1320; *Trevino*, 133 S. Ct. at 1921. This Court has repeatedly held that *Martinez*, *Trevino*, and *Sutton* do not apply to state post-conviction proceedings and do not provide a basis for tolling the statute of limitations. *See Charles McHaney v. State*, No. M2014-00290-CCA-R3-PC, 2014 WL 3384666, at \*2 (Tenn. Crim. App. July 10, 2014), *no perm. app. filed*; *Ruben Pimentel v. State*, No. M2011-01309-CCA-R3-PC, 2013 WL 4505402, at \*3 (Tenn. Crim. App. Aug. 21, 2013), *no perm. app. filed*; *Johnny L. McGowan v. State*, No. M2012-02490-CCA-R3-PC, 2013 WL 5310473, at \*3-4 (Tenn. Crim. App. Sept. 20, 2013), *no perm. app. filed*. Therefore, even if we were to treat Petitioner's motion to reopen as a petition for post-conviction relief, it is untimely, and we would affirm the post-conviction court's summary dismissal.

## Conclusion

Because Petitioner failed to comply with the statutory requirements for seeking discretionary review of the denial of his motion to reopen the post-conviction petition, we lack jurisdiction in this case. Accordingly, the appeal is dismissed.

_____
TIMOTHY L. EASTER, JUDGE

---

[2] A new rule of constitutional law with retrospective application is both a ground for tolling the statute of limitations for filing a post-conviction petition, T.C.A. § 40-30-102(b)(1), as well as a ground for filing a motion to reopen post-conviction proceedings, T.C.A. § 40-30-117(a)(1). In both cases, the ground must be asserted within one year of the final ruling of the highest state appellate court or United States Supreme Court.